## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RAYNA JOHNSON,** | ) | **CASE NO. 8:09CV429** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MONTCLAIR NURSING** | ) | |
| **REHABILITATION CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed her Complaint in this matter on November 20, 2009.  (Filing No. 1.)

Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 5.)  The

court now conducts an initial review of the Complaint to determine whether summary

dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on November 20, 2009, against Montclair Nursing

Rehabilitation Center.  (Filing No. 1 at CM/ECF p. 2.)  Plaintiff currently resides in Omaha,

Nebraska.  (*Id*.)

As best as the court can tell, Plaintiff previously filed an administrative fair

employment practices charge against Defendant with the U.S. Equal Employment

Opportunity Commission ("EEOC").  (*Id*. at CM/ECF pp. 1-2.)  However, the EEOC closed

this charge because it "adopted the findings of the state or local fair employment practices

agency that investigated [the] charge."  (*Id*.)  Plaintiff now requests that a "lawsuit be filed,"

but does not request any relief.  (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

After careful review, the court finds that Plaintiff's Complaint fails to set forth *any* factual allegations upon which relief may be granted.  However, on the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint.  Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any

new allegations, including a factual basis for her claims. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **January 29, 2010,** to file an amended complaint that clearly states a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims;

3.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **January 29, 2010**; and

4.    Plaintiff shall keep the court informed of her current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 29th day of December, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3